Donald V. Murphy v. Commissioner.
Donald . Murphy . Co v. sioner.
Docket No. 26753.
United States Tax Court
1951 Tax Ct. Memo LEXIS 292; 10 T.C.M. (CCH) 272; T.C.M. (RIA) 51080; March 19, 1951
*292 Entertainment expenses allowed as ordinary and necessary expenses for carrying on petitioner's individual business; and amount thereof determined in accordance with the principles of Cohan v. Commissioner, 39 Fed. (2d) 540. Donald V. Murphy, pro se. Michael Waris, Jr., Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion RICE, Judge: The Commissioner determined an income tax deficiency in the amount of $343.20 for the taxable year 1948. The sole issue is whether petitioner is entitled to a $600 deduction as entertainment expenses for the year 1948. Findings of Fact Petitioner is an individual residing in Syracuse, New York. His Federal income tax return for 1948 was filed with the collector of internal revenue for the twentyfirst district of New York. During the taxable year petitioner was president of Model Taxi Corporation. At the beginning of 1948 he owned 50 per cent of the stock and his brother owned the other 50 per cent. Petitioner's brother died January 5, 1948, and during the year petitioner acquired half of his brother's interest so that he owned 75 per cent of the stock. Petitioner, during 1948, owned all but *293 two shares of the stock of Auto Service, Incorporated, Syracuse, New York, a corporation operating a parking lot. He was also half owner of Murphy Brothers, a partnership which operated garages and parking lots. Following his brother's death, petitioner purchased part of the interest in Murphy Brothers from the widow, so that before the end of 1948, he had a 75 per cent interest in the partnership. Petitioner also owned interests (varying from half to sole owner) in 14 pieces of property. Petitioner reported an adjusted gross income of $41,092.76 for 1948. He claimed deductions of $5,496.86, so that his reported net income was $35,595.90. Included in the deductions was an item labeled "Entertainment not reimbursed by corporation" amounting to $600. It is this deduction which the respondent disallowed. Petitioner estimated that he spent approximately $5 a day for entertainment, but, realizing that he had no receipts or memoranda therefor, he claimed only $600 of his total estimated expenditures as a deduction. Among others, he entertained business men and local government officials. In the course of their conversations with him and with each other, they often mentioned matters which *294 subsequently were advantageous to petitioner from a business standpoint. Such information was often useful to petitioner in determining whether or not he should purchase property. Petitoner owned 50 per cent to 100 per cent interests in 14 pieces of property in Syracuse, 13 of which were in the business district. These properties were leased to the corporations or partnership in which petitioner had a majority interest, or to individuals. Gross rental income of these properties during the taxable year was over $20,000. Net rental income was $6,557.04. Several times during the year petitioner took business acquaintances on clambakes or trips of one or two days from Syracuse to Clayton, New York, which is situated on the St. Lawrence River, a distance of approximately 90 miles. He estimated such trips cost him about $100- $150 each. The guide cost $35, dinners about $15 (not including drinks), and a boat was also hired. Petitioner's ordinary and necessary business expense for the year 1948 in the form of entertainment was $400. Opinion The sole issue in this case is whether petitioner is entitled to a deduction from his 1948 income of the sum of $600 claimed as an entertainment *295 expense. A deduction from gross income is allowed for entertainment expenses, if they are "ordinary and necessary" for carrying on a trade or business, under section 23 (a) (1) (A) of the Internal Revenue Code. [1] It is primarily a question of fact whether disputed expenditures are ordinary and necessary. Petitioner individually owned a number of pieces of property in the business district of Syracuse which were leased to the corporations or partnership in which he had at the end of the taxable year at least a 75 per cent interest. These corporations and partnership were engaged in either the taxi business or in operating garages and parking lots. To a great extent, the success of the parking lot and garage enterprises was dependent upon their location. It was important for petitioner's interest, therefore, to know what was going on business-wise in Syracuse so that he could take advantage of it in acquiring property. He obtained much information by informal discussions with persons who knew what was going on. These informal discussions often occurred at clambakes, luncheons, or the like, which were at petitioner's expense. Under such circumstances we feel such *296 expenditures are ordinary and necessary for the furtherance of the petitioner's business as an individual. The main problem in this case is to determine how large a deduction petitioner should be allowed for such entertainment expenses. Petitioner testified that he estimated he spent about $1,800 for entertainment during the year. In his Federal income tax return he claimed $600 as a deduction for such entertainment expenses and this amount was denied by the respondent. It has been recognized that expenditures such as here involved (due to the difficulty of proof of amount with any exactitude) are capable of estimation. However, any doubts as to accuracy of the estimation will be resolved strongly against the taxpayer since the "inexactitude is of his own making." Cohan v. Commissioner, 39 Fed. (2d) 540 (1930). Petitioner's testimony as to his claimed deduction *297 of $600 was in general terms and unsubstantiated by any memoranda or receipts, but there is specific testimony as to amounts of certain entertainment expenses made on the trips to Clayton, New York. We have made an ultimate finding of fact that petitioner expended $400 during the taxable year for entertainment that should be allowed as a business deduction. Our finding is based on the fact that petitioner did incur some deductible entertainment expense. However, the generality of his testimony makes it necessary for us to use our best judgment in estimating the amount of such expense, in accordance with our established procedure based upon the Cohan case. Cf. James Schulz, 16 T.C. - (No. 50, promulgated February 20, 1951); Maurice P. O'Meara, 8 T.C. 622 (1947). Decision will be entered under Rule 50. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses. - (1) Trade or Business Expenses. - (A) In General. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *.↩